The opinion of the Court was delivered by
Mr. Justice Cheves.
It was not denied, that the error in this case was amendable. The general rule is, that the amendment shall be allowed where there is any thing to amend by. Here the declaration was amendable by the writ, and ought, unless the peculiar circumstances of this case forbade it, to have been allowed. A motion to amend, like other motions, is one which, under peculiar circumstances, the Court may grant or refuse in its discretion. The motion to bring on a cause for trial may be refused. The discretion.in the two cases, where the actor is within the rules-of law and the accustomed rules of practice, is pretty much the same. In both, the motion is generally a matter of right. In neither, is it ordinarily a spatter of favour. Such motions are not, and ought not, to be refused on the merits of the case : the merits ought not to be tried on such occasions, or in such form. But in this case the words were actionable; they charged an offence to have been actually committed, and that offence was a felony. The defendant alleged that the plaintiff *263 “ran away from Fairfield for stealing,” i.e. for the act of stealing already done or committed. We ought to expound the law as we find it. Our notions of policy ought not to induce us to declare words to be actionable which have not been heretofore adjudged to be so. But if it be confessed that the law of slander was established for society and circumstances greatly different from our own, when manners were less delicate, and moral sensibility less keen, it will at least be a sound reason for not disarming the law of its effects. The law of slander is evidently defective. Its great objects are to ensure exemption from unjust legal prosecutions, and to protect pecuniary interests. It has no shield for the delicate treasure of spotless moral character, the creature of polished and refined society, which fears no punishment, and is above all price. You must be dragged almost within the gratings of a jail before you feel the protection of the law. A sense of this defect has led, I understand, to an attempt in the Legislature of this state, which has not yet been effectual, to give an ampler scope to this protection, and it has the sanction of some of the most learned and enlightened men in Europe. It at least affords me an admonition that I ought to give full effect to the existing laws on the subject. I have no disposition to use any discretion with which I am invested to refuse the motion to amend, because this is an action *264 of slander, and I am therefore of opinion the decisión of the District Court should be reversed, and that the plaintiff have leave to amend; but 1 . ■, , ,, the order for judgment be set aside, and the defendant permitted to plead issuably.
JYott, Gantt, and Johnson, J. concurred.